### City of Hoopeston v. Nellie Henry, by her Next Friend.

1. INSTRUCTIONS—*Properly Refused Where the Substance is Embraced in Others.*—Instructions are properly refused where the substance of what they each contain is embodied in other instructions that are given.

Action in Case, for personal injuries.   Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the November term, 1898.   Affirmed.   Opinion filed June 3, 1899.

M. G. WOOLVERTON, city attorney, for appellant; J. H. DYER, of counsel.

CHAS. A. ALLEN and SALMANS & DRAPER, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by the appellee against the appellant to recover damages for a personal injury received by the appellee on account of the alleged negligence of the officers of appellant.   The case was tried by a jury in the Circuit Court of Vermilion County, and resulted in a verdict and a judgment in favor of the appellee for

City of Hoopeston v. Henry.

$800, to reverse which the appellant prosecutes this appeal. While numerous errors have been assigned by the appellant, only three grounds for reversal have been urged by its counsel in their printed briefs and argument filed in this court, and they are : (1) the verdict is contrary to the evidence; (2) the damages are excessive; (3) and the court refused to give appellee's third and and fifth instructions.

The evidence shows that on the west side of Market street, in the city of Hoopeston, at a place between the sidewalk and the curbstone of the paved street, there was a lot of sweepings, rubbish, etc., allowed to accumulate, to which had been added other combustible refuse hauled there by a teamster employed by the city authorities.  This caught fire from some unknown cause and communicated the fire to the sidewalk, but some water thrown upon it by persons living near there put the fire out that was then burning the sidewalk, and partially put it out in the pile of rubbish. One of the aldermen and the street commissioner of the city were notified of the fire burning there, and afterward one of the city's teamsters threw a lot of dirt over the rubbish, but the fire continued to smolder and burn slowly in the pile under the earth that had been thrown over it.  The appellee, a little girl between three and four years old, lived with her father in a house on the same side of Market street where the fire was burning, and about thirty or forty feet distant from it.  The child wishing to get something at a restaurant on the other side of the street, attempted to go over the place where this rubbish had been thus covered over, and her feet broke through the crust of earth on top, and went through into the smoldering fire below, burning her feet and ankles so badly that the skin and flesh came off, exposing the tendons to view and causing her great pain and suffering, but the wounds healed and there was no permanent injury left except some scars.  From the time fire was first seen in this rubbish pile until this accident occurred about two weeks intervened, and an alderman, the street commissioner and a city teamster had been informed some six to ten days before the accident happened that the fire was burning at the place in question.

The foregoing facts are practically undisputed, and we are satisfied they warranted the verdict rendered in favor of the appellee, and the amount of damages assessed, so that we ought not to reverse on that account. The third and fifth instructions of appellant were properly refused, because the substance of what they each contain was embodied in other instructions that were given.

Finding no reversible error in the record, we affirm the judgment appealed from.

Judgment affirmed.